IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NOS. 1:16-CR-344-TDS-1 & 1:16-CR-00392-TDS-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>FLETCHER LEE HARTSELL, JR.<br><br>Defendant. | DEFENDANT'S UNOPPOSED MOTION TO MODIFY SUPERVISED RELEASE CONDITIONS |

COMES NOW Defendant, Fletcher Lee Hartsell, Jr. ("Mr. Hartsell"), through counsel and pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure ("Rule 32.1") and 18 U.S.C. § 3583(e)(2), and hereby respectfully moves to modify Mr. Hartsell's supervised release conditions to allow Mr. Hartsell to travel to, from, and within the entire states of South Carolina and Mississippi without prior permission (the "Motion"). This Motion is based on the grounds that (1) Mr. Hartsell's pre-trial release allowed him to travel throughout the entire state of North Carolina without prior permission; no issue of inappropriate travel arose prior to or after his plea of guilty (and before he reported to the federal correctional institution), see condition (7)(f) of "Additional Conditions of Release" attached to "Order Setting Conditions of Release" entered on September 29, 2016; (2) Mr. Hartsell has children and grandchildren residing in North Carolina and Mississippi; and (3) Mr. Hartsell has legal counsel in South

Carolina, who is representing Mr. Hartsell in a civil matter. In support of this Motion, Mr. Hartsell states the following:

1. Mr. Hartsell pled guilty to one count of mail fraud and two counts of filing false tax returns and was sentenced to a term of eight months imprisonment and three years of supervised release.

2. As part of the Supervised Release term condition #4, the Mr. Hartsell "must not knowingly leave the federal judicial district where [Mr. Hartsell is] authorized to reside without first getting permission from the court or the probation officer."

3. Mr. Hartsell was released from prison and began his three-year period of supervised release on March 9, 2018.

4. Mr. Hartsell previously sought prior permission from his probation officer to travel to areas in both the Western and Eastern Districts of North Carolina on a number of occasions since his release from federal custody and successfully traveled to and from those districts to visit family, friends and business associates.

5. On July 20, 2018, Mr. Hartsell moved the Court for an Order allowing him to travel within the entire state of North Carolina without prior permission from the Court or probation officer, which motion was granted by the Court on July 23, 2018.

6. Since the Court's Order of July 23, 2018, Mr. Hartsell has complied with all conditions of release, and has repeatedly, without prior permission, successfully traveled throughout the state of North Carolina, with minimal visits with his probation officer, and Mr. Hartsell has had no issues or violations of any kind since his release.

7. Mr. Hartsell's continuing commitments to his family members, friends, and business associates are his primary concern in filing the instant Motion.

8. Mr. Hartsell believes a modification to the terms of his release is appropriate due to his exceptional good behavior and pursuant to Title 18 U.S.C. Section 3583(e), which states in pertinent part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> . . .
>
> > (2) … may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

18 U.S.C. § 3583(e). "Aside from the limitation that a court cannot modify the conditions of release after the expiration or termination of the term," the court has no restriction in its authority "to modify the conditions of release." *United States v. Allen*, 2 F.3d 538, 539 (4th Cir. 1993). Thus, a court may modify the conditions of supervised release so long as it is not before the end of the term and "the court considers the relevant section 3553(a) sentencing factors." *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). "Circumstances that justify [modifications] have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

PPAB 5016886v1.docx                     3

Case 1:16-cr-00344-TDS   Document 46   Filed 07/17/19   Page 3 of 6

9. Mr. Hartsell now seeks an Order modifying his supervised release further to include unsupervised travel to, from, and within the state of South Carolina for purposes of meeting with Mr. Hartsell's legal counsel for consultation regarding a civil action, and to, from, and within the state of Mississippi for purposes of visiting Mr. Hartsell's daughter and her family.

10. The proposed modification seeks to allow Mr. Hartsell to travel to, from, and within the states of South Carolina and Mississippi, without prior permission. Thus, this narrowly tailored modification *only* affects how far Mr. Hartsell is able to travel without permission. He will continue to be subject to all other conditions of his supervised release, including obtaining prior permission from the Court or probation officer if he wishes to travel to some place outside the states of North Carolina, South Carolina and Mississippi.

11. Mr. Hartsell will continue to comply with the remaining conditions of his supervised release that will effectively provide for this Court's oversight of him.

12. Defense counsel has corresponded with Assistant United States Attorney Joanna McFadden, who has indicated that she does not oppose this Motion.

**WHEREFORE,** Defendant Fletcher Lee Hartsell, Jr. respectfully moves this Court, pursuant to Title 18, United States Code, Section 3583(e)(2), to modify the conditions of Mr. Hartsell's supervised release, and issue an Order allowing Mr. Hartsell to travel to, from, and within the states of South Carolina and Mississippi, without prior permission from the Court or probation officer.

This 17th day of July 2019.

        /s/ Richard S. Glaser
        Richard S. Glaser
        N.C. State Bar No. 13998

        PARKER POE ADAMS & BERNSTEIN LLP
        Three Wells Fargo Center
        401 South Tryon Street
        Suite 3000
        Charlotte, North Carolina 28202
        Telephone: (704) 372-9000
        Facsimile: (704) 334-4706
        rickglaser@parkerpoe.com

        *Attorney for Mr. Hartsell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, the foregoing **Defendant's Unopposed Motion to Modify Supervised Release Conditions** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification and serve same upon all counsel of record via the Court's electronica case filing system.

This the 17th day of July, 2019.

/s/ Richard S. Glaser
Richard S. Glaser
N.C. State Bar No. 13998

PARKER POE ADAMS & BERNSTEIN LLP
Three Wells Fargo Center
401 South Tryon Street
Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
rickglaser@parkerpoe.com

*Attorney for Mr. Hartsell*